**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| TEOFILO CARLOS SANTANA MEDRANO, BOP Reg. No. 72422019, | : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
|---|---|---|
| Movant, | : : | CRIMINAL ACTION NO. 2:20-CR-0010-SCJ-JCF-1 |
| v. | : : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, Respondent. | : : | 2:22-CV-0070-SCJ-JCF |

**FINAL REPORT AND RECOMMENDATION**

Movant Teofilo Carlos Santana Medrano, a federal prisoner currently confined at the Oakdale Federal Detention Center in Oakdale, Louisiana, has filed a *pro se* 28 U.S.C. § 2255 motion-to-vacate challenging his 2020 guilty plea conviction and sentence in this Court for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (Doc. 38 at 1.) Movant subsequently moved to voluntarily dismiss his § 2255 motion so that he might file a "complete" § 2255 motion in the future. (Doc. 43 at 1.)

On August 23, 2023, this Court entered an Order warning Movant that the one-year statute of limitations for § 2255 motions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2255(f), has run and that

any future § 2255 motion will be time-barred. (See doc. 44 at 2-3.) Consequently, this Court held in abeyance Movant's motion for voluntary dismissal and provided Movant with an opportunity to withdraw his motion for voluntary dismissal. (See id. at 3-4.) This Court explicitly warned Movant that, if he did not withdraw his motion for voluntary dismissal within the 30-day period provided, the undersigned would promptly enter a recommendation that the motion to dismiss be granted and the § 2255 motion be voluntarily dismissed. (Id.) More than 30 days have passed since the entry of this Court's August 23, 2023, Order, but Movant has not withdrawn his motion for voluntary dismissal.

Where, as here, an answer-response has been filed, Fed. R. Civ. P. 41(a)(2) provides that an action may be dismissed at the petitioner's request only by court order. In considering a motion for voluntary dismissal, a court "should bear in mind principally the interests of the [respondent], for it is the [respondent]'s position that the court should protect." McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986) (quoting LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)). The government has not opposed the motion for voluntary dismissal and the undersigned finds that government will not suffer "clear legal prejudice" as a result of the

dismissal of this action, particularly considering that any future § 2255 motion filed by Movant will be time-barred.  See McCants, 781 F.3d at 857.

Accordingly, **IT IS RECOMMENDED** that Movant's motion for voluntary dismissal [43] be **GRANTED** and the § 2255 [38] motion be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(a)(2).

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO RECOMMENDED**, this 29th day of September, 2023.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge